IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mokeia Hammond, | C/A No. 8:20-540-CMC-JDA |
| Petitioner, | |
| v. | **Order** |
| Warden of Graham Camille Griffin Correctional Institution, | |
| Respondent. | |

This matter is before the court on Petitioner's *pro se* petition filed in this court pursuant to 28 U.S.C. §2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").

On May 22, 2020, Respondent filed a Return and Memorandum and a Motion for Summary Judgment. ECF Nos. 19, 20. Because Petitioner is proceeding *pro se*, an Order pursuant to *Roseboro v. Garrison* was sent to her, advising her of the need to file a response and a deadline of June 29, 2020. ECF No. 21. On July 7, 2020, having received no response, the Magistrate Judge entered an Order extending Petitioner's time to respond through July 27, 2020. ECF No. 23. Petitioner again failed to respond. Therefore, on July 31, 2020, the Magistrate Judge issued a Report recommending the case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). ECF No. 26. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

On August 3, 2020, the court received a motion for extension of time to respond to the motion for summary judgment from Petitioner. ECF No. 28. Petitioner explains she just received notice on July 28, 2020 that her deadline expired July 27. She requests an extension to respond to the summary judgment motion because she received the notice late and is unable to access the law library due to the coronavirus pandemic. *Id.* She states she does not know how long an extension she will need because she is unable to find out when the law library will be open. *Id.*

Because Petitioner has now filed a motion for extension, it is clear she has not abandoned her case. The court therefore declines to adopt the Report, and will grant Petitioner's request for extension to respond to the summary judgment motion. However, the court cannot hold the case open indefinitely. Petitioner is therefore granted through September 30, 2020, to file her response to the motion for summary judgment. No further extensions will be granted absent a showing of good cause. This matter is re-referred to the Magistrate Judge.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 17, 2020